GEORGE PERRY, individually, and as County Commissioner of Sumter County, v. MONARCH ORANGE COMPANY, a West Virginia Corporation.

194 So. 320
Division B
Opinion Filed March 1, 1940

*James W. West,* for Appellant;

*Carroll W. Fussell,* for Appellee.

PER CURIAM.—The record in this case discloses that the Monarch Orange Company owned approximately nine thousand acres of low-priced grazing lands located in a sparsely settled section of Sumter County, Florida, and was the owner of stock cattle then grazing on said acreage. The lands were fenced by the Monarch Orange Company and modern, well constructed cattle gaps placed across the roads traversing the pasture, and gates near the gaps were provided so that cars and cattle or stock could be driven along the roads through the pasture by all parties, and there was no effort to obstruct the roads or preclude the general public from the use thereof. With the land fenced and the roads traversed by stock gaps and gates, it protected the enclosure of the lands which are now being used as a pasture and simultaneously prevented the stock of others from grazing upon the lands described in the bill of complaint.

The appellant caused three of the stock gaps to be torn

up and removed and threatened to tear out and remove other gaps on the roads crossing the appellee's land, when the lower court restrained the appellant from destroying other gaps on the lands of the appellee, and on final hearing made the temporary injunction previously issued permanent, and an appeal therefrom has been perfected to this Court.

It is here contended that the appellant, as a member of the Board of County Commissioners of Sumter County, as a matter of law, had supervisory powers over the roads of said county and that it logically followed that the power was in him to allow or disallow the construction of the gaps and gates over or about the road traversing the lands of the appellee. While the Board of County Commissioners may have the control or management of the public roads and bridges of a county, it has not been shown on this record that the appellee had the authority to destroy the gaps or gates placed across the road traversing the lands of the appellee which he was then using as a pasture and upon which cattle were then located. It does not follow that the construction or erection of these gaps in any manner interfered with the control and management of the roads and bridges of the county on the part of the Board of County Commissioners.

We have studied the record and fail to find an abuse of the discretion of the Chancellor below in entering an order permanently restraining George Perry, individually, and as a County Commissioner of Sumter County, from destroying the property of the appellee. The final decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.